UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

LONDON MILES,

    Plaintiff,

v.

WYNDHAM VACATION OWNERSHIP, SHAWYN MALEY,

    Defendant.

Civil No. 12-1288 (JAF)

**OPINION AND ORDER**

On March 27, 2012, London Miles ("Miles") filed a complaint against defendants Wyndham Vacation Ownership ("Wyndham") and Shawyn Maley ("Maley") alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), and its anti-retaliation proviso in Section 704(a). (Docket No. 1.) On March 15, 2013, Wyndham filed a motion for summary judgment, which we denied on January 24, 2014 (Docket Nos. 16, 43.) On February 19, 2014, Wyndham filed a motion for reconsideration, and Miles filed a response on February 21, 2014. (Docket Nos. 47, 48.) On reconsideration, we uphold our previous order denying summary judgment, but clarify that we are trying this case as one of sexual discrimination, sexual harassment, and a hostile work environment under Title VII, as well as a case of retaliation under Title VII.

As we stated in our original order, summary judgment is only granted to the defendant if no reasonable jury could find for the plaintiff in any of her claims when all reasonable inferences from the evidence are drawn in her favor. See Scott v. Harris, 550

U.S. 372, 380 (2007).  Wyndham appears to misunderstand this standard.  Questions of reasonableness based on disputed facts are matters for a jury in trial, not for a judge in summary judgment.  See id.

Wyndham also argues that "none of these conclusions of fact, as stated in the Opinion and Order, are supported by the evidence on the record." (Docket No. 47 at 3.) As we explained in our original order, in summary judgment we must view all properly-plead facts in the light most favorable to the non-moving party.  Therefore, to the extent that any facts are disputed, the facts we set forth represented Miles' properly-plead version of the events at issue.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Local Rules 56 (c) and (e).

We do, however, clarify our order based upon Wyndham's request that we dismiss "plaintiff's Title VIII national origin discrimination claim." (Docket No. 47 at 14.) We read Miles' Title VII claims as allegations of sexual discrimination, sexual harassment, and a hostile work environment, together with allegations of retaliation per Section 704(a) of Title VII.  (Docket No. 1.) Although the complaint states that "Defendants' conduct constitutes gender, origin and race based discrimination, sexual harassment and retaliation," it only details "sexual harassment" and a "hostile environment." (Docket No. 1 at 2-3.) Likewise, Miles' response in opposition to summary judgment opens its Title VII section by stating that the act prohibits "discriminating against an individual based on his or her sex." (Docket No. 22 at 11.)

Miles' allegations related to national origin discrimination appear in her summary judgment pleadings where she claims she was subjected to a hostile work environment.

She alleges that Maley spoke badly about Puerto Ricans in general and that she heard him say that Puerto Rico was like a little Harlem, that the environment in Puerto Rico was "fogeyish," and that Puerto Ricans have no money. (Docket No. 22 at 12.) The First Circuit has stated that "[c]ourts should avoid disaggregating a hostile work environment claim," and should instead "consider the totality of circumstances" to assess the cumulative effect. O'Rourke v. City of Providence, 235 F.3d 713, 730 (2001). Therefore, these alleged comments are relevant in assessing whether Miles experienced a hostile work environment and we feel no need no change our previous order.

For the foregoing reasons, Wyndham's motion for reconsideration (Docket No. 47) is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 28th day of February, 2014.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE
